182     SUPREME COURT OF IOWA,

Hutchinson v. The Board of Equalization of the City of Oskaloosa.

BECK, CH. J., not concurring.

---

HUTCHINSON v. THE BOARD OF EQUALIZATION OF THE CITY OF OSKALOOSA.

1. **Taxation**: DEDUCTION OF INDEBTEDNESS FROM MONEYS AND CREDITS: PROPERTY IN HANDS OF AGENT. Whether the tax-payer is entitled to have an acknowledgment of indebtedness deducted from the amount of moneys and credits which he is required to list for assessment, depends on whether it is founded on an actual consideration. Code, § 814. If it is, and it evidences an actual indebtedness, he is entitled to have it deducted, regardless of the motive which may have induced him to incur the obligation. And so, where plaintiff, as the agent of some English capitalists, had invested certain moneys of theirs and controlled the securities, but, to avoid paying taxes thereon under § 817 of the Code, he caused the securities to be assigned to himself, and exe-

cuted his own obligations to the capitalists for the amount thereof, *held* that he was entitled to have the obligations thus incurred deducted from ˝the amount of his moneys and credits, including the securities thus taken to himself, and that he was no longer liable to be taxed on such securities as agent.

### Appeal from Mahaska Circuit Court.

### WEDNESDAY, OCTOBER 21.

THE board of equalization of the city of Oskaloosa added $13,000 to plaintiff's assessment on moneys and credits for the year 1884. They also assessed him $22,000 (moneys and credits) as agent. He appealed from this action to the circuit court, and, upon a hearing, the court reversed the action of the board, and struck out both items from his assessment, and from this order defendant appeals.

*James A. Rice* and *L. C. Blanchard*, for appellant.

*John O. Malcolm* and *John F. Lacy*, for appellee.

REED, J.—On the hearing in the circuit court, plaintiff testified that he had, on the first day of January, 1884, moneys and credits to the amount of $25,000, but that he was indebted to various parties to an amount in excess of that. He admitted, on cross-examination, that the item of $25,000 was made up of various sums of money which he had received from friends of his living in England, and which he had originally loaned out for them, taking the securities given for such loans in their names, and that, without having returned any portion of said moneys to the owners, he had given his own obligations to them therefor, and had reloaned the money in his own name, or taken an assignment to himself of the securities originally taken for the loans, and that the indebtness which he claimed should be deducted from the amount of his moneys and credits was evidenced by the obligation he had given for said moneys. He also admitted that, while he

controlled and managed said moneys and credits as agent for the owners thereof, the public authorities asserted the right to tax him thereon, and that he had been held personally liable for the tax thereon, and that he had made the change in the mode of doing the business for the purpose of avoiding taxation. Defendant insists that the obligations do not evidence "a debt in good faith owing by him," and consequently plaintiff is not entitled to deduct their amount from the amount of moneys and credits which he is required to list for taxation.

Whether the tax-payer is entitled to have an acknowledgment of indebtedness deducted from the amount of the moneys and credits which he is required to list for assessment depends upon whether it is founded on an actual consideration. Code, § 814. If it is founded on such consideration and evidences an actual indebtedness, he is entitled to have it deducted regardless of the motive which may have influenced him to incur the obligation. The evidence shows that, in consideration of the turning over to him of the money then in his hands and the assignment to him of the securities for the loans yet outstanding, plaintiff gave his personal obligation to each of the parties for the amount of money he had received from him. He thereby became indebted to each for the amount of the obligation given him. It was the understanding and intention of the parties that he should become so indebted. The change which they intended to effect by the new arrangement was the termination of the agency and the creation of the relation of debtor and creditor between them. His obligations are clearly supported by a valid consideration, and the circuit court rightly struck out the item of $13,000 from the assessment.

II. The assessment of $22,000 against plaintiff as agent was based in part on the transaction stated above and in part on a transaction in which a mortgage given by one N. C. Town to secure a loan of $50,000 was transferred by plaintiff to the Colonial United States Mortgage Company. As we

have seen, plaintiff did not at the time of the assessment control and manage the moneys and credits which he had received from the parties in England as their agent, but owned them in his own right; and it is shown by the evidence that he did not have the Town mortgage in his possession, and that he neither managed it nor had control over it after he transferred it, which was in April, 1882. He was not personally liable, then, for the taxes on it. Code, § 817.

AFFIRMED.